UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LTD. and HARTFORD CASUALTY INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>JUNEAU ASSOCIATES, INC., P.C.; LACEY HEINEMAN, Individually and as Administrator of the Estate of Jeffrey W. Pride; and SHANE PRIDE<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COME Plaintiffs, Hartford Casualty Insurance Company ("Hartford") and Sentinel Insurance Company, Ltd. ("Sentinel") (collectively, "Plaintiffs"), by its attorneys, Michael J. Duffy and Abigail E. Rocap of Wilson Elser Moskowitz Edelman & Dicker LLP and for their Complaint for Declaratory Judgment against the Defendants, JUNEAU ASSOCIATES, INC., P.C. ("Juneau"); LACEY HEINEMAN, Individually and as Administrator of the Estate of Jeffrey W. Pride ("Heineman"); and SHANE PRIDE ("Pride"), states as follows:

**INTRODUCTION**

1. Plaintiffs seek a declaration of the rights and/or obligations of the parties to certain insurance contracts with respect to the Juneau's liability in a suit pending in Circuit Court for the Third Judicial Circuit for Madison County, Illinois captioned <u>Lacey Heineman, individually and as administrator of the Estate of Jeffrey W. Pride, et al. v. Michael Robinson, et al.,</u> Case No. 16 L 631 (hereinafter the "<u>Heineman</u> Lawsuit"). (See, Exhibit A). Juneau sought

defense and indemnification for its liability in the Heineman Lawsuit from Plaintiffs under contracts of insurance issued by Plaintiffs to Juneau. Plaintiffs deny both defense and indemnity obligations to Juneau for the Heineman Lawsuit. Plaintiffs request that this Court declare the rights and obligations of the parties under the insurance contracts pursuant to 28 U.S.C. § 2201, et seq., finding and declaring that Plaintiffs owe no coverage obligations to Juneau with respect to its liability in the Heineman Lawsuit.

## JURISDICTION AND VENUE

2. Hartford is an Indiana corporation with its principal place of business in Hartford, Connecticut.

3. Sentinel is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

4. Defendant, Juneau, is an Illinois corporation with its principal place of business in Illinois.

5. Heineman is an Illinois citizen.

6. Heineman, individually and as Administrator of the Estate of Jeffrey W. Pride, is joined as an interested party solely to be bound by the judgment of this Court.

7. Pride is an Illinois citizen and is joined as an interested party solely to be bound by the judgment of this Court.

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because this is a civil action founded on diversity of citizenship involving policies of insurance issued by Plaintiffs to Juneau in this judicial district. Also, the claim for coverage by Juneau concerns a suit pending within the geographical boundaries of this judicial district and an accident which also took place in this judicial district.

**FACTUAL BACKGROUND**

10. Hartford issued a policy of general liability insurance to Juneau bearing policy no. 84 SBW VN0881 DD, with an effective period of January 17, 2014 to January 17, 2015 (the "Hartford GL Policy"). A copy of Hartford GL Policy is attached hereto as Exhibit B.

11. Sentinel issued a policy of commercial automobile liability insurance to Juneau bearing policy no. 84 UEG KV2203 DD with an effective period of January 17, 2014 to January 17, 2015 (the "Sentinel Auto Policy"). A copy of the Sentinel Auto Policy is attached hereto as Exhibit C.

12. Juneau is a professional corporation which provides engineering services to various private and public clients.

13. On or about August 1997, Juneau entered into an agreement with the City of Granite City to provide Professional Engineering and Land Surveying relating to the design of an entrance roadway and detention basin to serve a proposed industrial park west of Missouri Avenue near Pontoon Road. A copy of this agreement is attached hereto as Exhibit D, and is hereinafter referred to as the "Juneau/Granite City Agreement."

14. On May 5, 2016, Heineman and Pride filed their Complaint in <u>Heineman</u> Lawsuit against Juneau among others. See, Ex. A.

15. The Heineman Lawsuit alleges that on or around May 7, 2014 Robinson, an employee of JB Hunt Transport, Inc., JB Hunt, Anheuser-Busch, LLC, and/or Anheuser-Busch was driving a commercial truck owed by JB Hunt Transport, Inc. which collided with a motorcycle operated by Jeffrey W. Pride ("J. Pride") near the intersection of Konzen Court and Missouri Avenue in Granite City, Illinois. Ex. A., pp.2-3, ¶¶ 4-6, 10. The Heineman Lawsuit further alleges that J. Pride died as a result of his injuries from the collision. Id., p.3, ¶10.

16. Upon information and belief, Juneau's work and/or operations under the Juneau/Granite City Agreement were completed before May 7, 2014.

17. The Heineman Lawsuit alleges that prior to May 7, 2014 Juneau negligently designed the business complex, the entrance and exit roadway to the complex, i.e., Konzen Court, and negligently located the entrance and exit roadway to the complex, resulting in the collision that caused J. Pride's death. Id., pp.13-14, ¶¶13-14.

18. Konzen Court is the entrance roadway which is the subject of the Juneau/Granite City Agreement.

19. The Hartford GL Policy contains the following provisions:

\* \* \*

  **A.**  **COVERAGES**

    **1.**  **BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)**

      **Insuring Agreement**

        a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and

advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any 'suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.

\* \* \*

**B.  EXCLUSIONS**

   **1.  Applicable To Business Liability Coverage**

   This insurance does not apply to:

   \* \* \*

   **j.  Professional Services**

   "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional service. This includes but is not limited to:

   (1)  Legal, accounting or advertising services;

   (2)  Preparing, approving, or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders, designs or drawings and specifications;

   (3)  Supervisory, inspection, architectural or engineering activities;

   (4)  Medical, surgical, dental, x-ray or nursing services treatment, advice or instruction;

(5) Any health or therapeutic service treatment, advice or instruction;

(6) Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming;

(7) Optical or hearing aid services including the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses and similar products or hearing aid devices;

(8) Optometry or optometric services including but not limited to examination of the eyes and the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses and similar products;

(9) Any:

    (a) Body piercing (not including ear piercing);

    (b) Tattooing, including but not limited to the insertion of pigments into or under the skin; and

    (c) Similar services;

(10) Services in the practice of pharmacy; and

(11) Computer consulting, design or programming services, including web site design.

Paragraphs **(4)** and **(5)** of this exclusion do not apply to the Incidental Medical

> Malpractice coverage afforded under Paragraph **1.e**. in Section **A.** - Coverages.

\* \* \*

Ex. B, Form SS 00 08 04 05.

> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
>
> **EXCLUSION – ENGINEERS, ARCHITECTS OR SURVEYORS PROFESSIONAL LIABIILTY**
>
> This endorsement modifies insurance provided under the following:
>
> **BUSINESS LIABILITY COVERAGE FORM**
>
> 1. The following exclusion is added to Paragraph 1., Applicable to Business Liability Coverage (SECTION B. – EXCLUSIONS):
>
>    This insurance does not apply to "bodily injury," "property damage," or "personal and advertising injury" arising out of the rendering of or the failure to render any professional services by:
>
>    a. Any insured; or
>
>    b. Any engineering, architectural or surveying firm that is performing work on your behalf in such capacity.
>
> 2. Professional services include:
>
>    a. The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, designs or drawings and specifications; and
>
>    b. Supervisory, inspection, architectural or engineering activities.

\* \* \*

Ex. B, Form SS 05 06 04 05.

7

20. Included under the same policy number as the Hartford GL Policy is an Umbrella Excess Liability coverage ("Hartford Umbrella Policy"). The Hartford Umbrella Policy provides the following:

> **SECTION 1 – COVERAGES**
>
> **INSURING AGREEMENTS**
>
> **A.  Umbrella Liability Insurance**
>
> **1.** We will pay those sums that the "insured" becomes legally obligated to pay as "damages" in excess of the "underlying insurance" or of the "self-insured retention" when no "underlying insurance" applies, because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies caused by an "occurrence".
>
> \*   \*   \*

Ex. B, Form SX 80 02 04 05.

> **THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**
>
> **FOLLOWING FORM ENDORSEMENT – PROFESSIONAL SERVICES LIABILITY**
>
> This endorsement modifies insurance provided under the following:
>
> **UMBRELLA LIABILITY PROVISIONS**
>
> This policy does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render professional services.
>
> **EXCEPTION**
>
> However, this exclusion does not apply to the extent that Professional Services Liability for "bodily injury", "property damage" or "personal and advertising injury" is provided by the "underlying insurance" policy.

\* \* \*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – ENGINEERS, ARCHITECTS OR SURVEYORS PROFESSIONAL LIABIILTY**

This endorsement modifies insurance provided under the following:

**UMBRELLA LIABILITY PROVISIONS**

1. The following exclusion is added to **B., Exclusions** (SECTION **I** – COVERAGES):

   This policy does not apply to "bodily injury," "property damage" or "personal and advertising injury" arising out of the rendering of or the failure to render any professional services by:

   a. Any "insured"; or

   b. Any engineering, architectural or surveying firm that is performing work on our behalf in such capacity.

2. Professional services include:

   a. The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, designs or drawings and specifications; and

   b. Supervisory, inspection, architectural or engineering activities.

\* \* \*

Ex. B., Form SX 24 31 10 08, Form SX 21 13 04 05.

21. The Sentinel Auto Policy provides the following:

\* \* \*

9

**SECTION II – LIABILITY COVERAGE**

A. **Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\* \* \*

B. **Exclusions**

This insurance does not apply to any of the following:

\* \* \*

10. **Completed Operations**

"Bodily injury" or "property damage" arising out of your work after that work has been completed or abandoned.

In this exclusion your work means:

a. Work or operations performed by you or on your behalf; and

b. Materials, parts or equipment furnished in connection with such work or operations.

\* \* \*

Your work will be deemed completed at the earliest of the following times:

(1) When all of the work called for in your contract has been completed.

See, Ex. C, Form CA 00 01 03 10.

2120535v.2

## COUNT I
### (PROFESSIONAL SERVICES EXCLUSIONS PRECLUDE COVERAGE UNDER THE HARTFORD GL AND UMBRELLA POLICIES)

22. Hartford incorporates and restates the allegations of paragraphs 1 through 21 above as if fully set forth herein.

23. Hartford has no duty to defend or indemnify Juneau in the <u>Heineman</u> Lawsuit since the claim arises from Juneau's "professional services" as an engineer, which are excluded under the Hartford GL and Umbrella Policies.

24. An actual and justiciable controversy currently exists between the parties with respect to their respective rights and obligations under the Hartford GL and Umbrella Policies, this Court has the power to make binding declarations of the rights and obligations of the parties herein, and to adjudicate the dispute between the parties herein.

WHEREFORE, Plaintiff, Hartford Casualty Insurance Company, prays that this Court enter the following relief:

A. Finding that Hartford Casualty Insurance Company owes no duty to defend or indemnify Juneau in the <u>Heineman</u> Lawsuit; and

B. For all such just and equitable relief, including costs for this suit.

## COUNT II
### (COMPLETED OPERATIONS EXCLUSION PRECLUDES COVERAGE UNDER THE SENTINEL AUTO POLICY)

25. Sentinel incorporates and restates the allegations of paragraphs 1 through 21 above as if fully set forth herein.

26. Sentinel has no duty to defend or indemnify Juneau in the <u>Heineman</u> Lawsuit since the claim arises from Juneau's completed operations.

27. An actual and justiciable controversy currently exists between the parties with respect to their respective rights and obligations under the Sentinel Auto Policy, this Court has the power to make binding declarations of the rights and obligations of the parties herein, and to adjudicate the dispute between the parties herein.

WHEREFORE, Plaintiff, Sentinel Insurance Company, prays that this Court enter the following relief:

A. Finding that Sentinel Insurance Company owes no duty to defend or indemnify Juneau in the Heineman Lawsuit; and

B. For all such just and equitable relief, including costs for this suit.

> Respectfully submitted,
>
> SENTINEL INSURANCE COMPANY and HARTFORD
> CASUALTY INSURANCE COMPANY
>
>
> By: _____/s/ Michael J. Duffy_____
> One of their Attorneys

Michael J. Duffy (Illinois 6196669) (michael.duffy@wilsonelser.com)
Abigail E. Rocap (Illinois 6310024) (abigail.rocap@wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603-5001
312.704.0550
312.704.1522 (Fax)

2120535v.2